# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60574
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

MARIA DE LA CRUZ BARRAZA; JOSE CARLOS DE LA ROSA GONZALEZ;
LILIANA DE LA ROSA-BARRAZA,

                                                        Petitioners

v.

JEFF SESSIONS, U.S. ATTORNEY GENERAL,

                                                        Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 292 250
BIA No. A205 292 251
BIA No. A205 085 948

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Maria De La Cruz Barraza, her husband Jose Carlos De La Rosa
Gonzalez, and her daughter Liliana De La Rosa-Barraza (petitioners), natives
and citizens of Mexico, seek review of the dismissal by the Board of
Immigration Appeals (BIA) of their appeals from the Immigration Judge's (IJ)
denial of their applications for asylum, withholding of removal, and protection
under the Convention Against Torture (CAT).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 15-60574

The family lived in Ciudad Juarez, Mexico, for many years before leaving for the United States. The husband had a commercial visa to conduct business in both the United States and Mexico, and the family relocated to Colorado in 1996. Petitioners returned to Juarez in 2004; but, after repeated extortions and threats, they returned to the United States in 2005 on visitor visas. Petitioners overstayed their visas, however, and were later apprehended by Border Patrol Agents in New Mexico, ultimately leading to their order of removal.

Petitioners conceded removability to the IJ. And, the BIA did not address the asylum claim because petitioners did not challenge the IJ's ruling that their asylum application was untimely. Accordingly, they failed to exhaust their administrative remedies with respect to their asylum claim, and we do not have jurisdiction to consider it. *See Dale v. Holder*, 610 F.3d 294, 298 (5th Cir. 2010).

For the claims for withholding of removal and protection under CAT, we review the decision of the BIA and consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed *de novo*; factual findings, for substantial evidence. *Id.* Under the substantial-evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

To qualify for withholding of removal, an alien "must demonstrate a clear probability of persecution upon return". *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of . . . membership in a particular social group." *Id.* The alien must demonstrate that membership in this

2

particular social group "was or will be at least one central reason for persecuting the applicant".  8 U.S.C. § 1158(b)(1)(B)(i).

The substantial evidence in the record supports the BIA's determination petitioners did not make the requisite showing.  While they assert their membership in the social group of landowners in Ciudad Juarez, Mexico, was one central reason for the claimed extortion, our court has held "being extorted by an anonymous group of individuals who perceive petitioner's family to be wealthy does not require the Attorney General to withhold removal".  *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).  Nor do we "recognize economic extortion as a form of persecution", or perceive wealthy individuals as a protected group.  *Id*. (internal quotation marks and citation omitted).

Petitioners rely on *Cordoba v. Holder*, 726 F.3d 1106, 1114–15 (9th Cir. 2013), in which the ninth circuit determined Columbian landowners could be a sufficiently distinct social group based on their submission of specific evidence in support of such a finding.  The petitioners in *Cordoba*, however, submitted evidence which allowed the IJ to make that individualized determination; the petitioners here did not.  Instead, they attached various news articles and online reports regarding crime and violence in Mexico, but this information fails to establish specific information showing persecution against a particular social group of which they are a member.

To obtain relief under CAT, petitioners must show, *inter alia*, that it is "more likely than not" they would be tortured if returned to their home country.  *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005).  The substantial evidence in the record does not show it is more likely than not they will be subject to torture or that they face a clear probability of torture if they return to Mexico.

DISMISSED IN PART; DENIED IN PART.